BUILDER SERVICES GROUP, INC. )
a/b/a GALE CONTRACTOR )
SERVICES, )
 )
  Plaintiff, )
 )
v. )  CASE NO. CV419-056
 )
TOPSHELF BUILDER SPECIALTIES, )
INC., and RICHARD L. QUARLES, )
JR., )
 )
  Defendants. )
 )

## O R D E R

THIS MATTER comes before the Court on Plaintiff Builder Services Group, Inc. d/b/a Gale Contractor Services' ("BSG") and Defendant TopShelf Builder Specialties, Inc.'s ("TopShelf") Joint Motion for Entry of Consent Order Regarding Plaintiff's Motion for Preliminary Injunction. After careful consideration, this motion (Doc. 20) is **GRANTED**. With the consent of the Parties:

**IT IS HEREBY ORDERED** that, effective May 2, 2019, and until such time as final judgment is entered in this matter or the Court otherwise dissolves this Order, whichever is later, TopShelf and its officers, agents, representatives, and employees will be enjoined upon the following terms:

1.   No later than 5:00 p.m. on May 31, 2019, TopShelf shall provide to counsel for BSG all documents, files, and other materials containing or comprising the following: BSG's internal plans and ideas for expansion and development of new services and products; internal customer lists, account receivable information and reports, internal analysis of customers and prospective customers, compilations of information about particular needs and preferences of customers; costs, specifications, processes, and related non-public pricing information; business and marketing plans; internal financial records, projections, and analysis; internal information and analysis regarding business opportunities (including, without limitation, candidates, plans and techniques for acquisitions, joint ventures, partnerships and alliances); personal evaluations and internal personnel management information, and specialized procedures and techniques used in the management, operation, or training functions of BSG that are not disclosed to persons outside of BSG (collectively the "Protected Data");

2.   TopShelf is immediately enjoined from disclosing, using, or in any way relying on the Protected Data, to the extent the same is not public knowledge;

3.   TopShelf shall not employ Defendant Richard L. Quarles ("Defendant Quarles") in any manner or for any purpose that

would cause Quarles to be in breach of his Confidentiality Agreement dated May 15, 2012, including, but not limited to, Quarles selling or attempting to sell to, or provide any goods, products or services on TopShelf's behalf of the type or substantially similar to the type Quarles sold or attempted to sell when Quarles was employed by BSG, to any customer of BSG to whom Quarles, directly or indirectly, attempted to sell or provide any good, product, or service during his employment with BSG; and

4.    TopShelf and BSG agree that nothing in this Consent Order shall serve as an admission of any wrongdoing by TopShelf, that TopShelf has ever been in possession of the Protected Data, and that TopShelf reserves all its rights and defenses with regard to the claims asserted by BSG in the above-styled civil action. TopShelf and BSG further agree that this Consent Order may not be used in any manner other than to enforce the terms set forth herein.

IT IS FURTHER ORDERED that since no costs and damages may be incurred or suffered by TopShelf from the above prohibitions, no security is required from BSG.

SO ORDERED this  2ᴺᴰ day of May 2019.

_____

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA