IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BUILDER SERVICES GROUP, INC. )
d/b/a GALE CONTRACTOR )
SERVICES, )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV419-056
 )
TOPSHELF BUILDER SPECIALTIES, )
INC., and RICHARD L. QUARLES, )
JR., )
 )
    Defendants. )

## O R D E R

Before the Court is Plaintiff's Motion for Default Judgment. (Doc. 30.) In its motion, Plaintiff Builder Services Group, Inc. ("BSG") requests that this Court enter default judgment against Defendant Richard Quarles. Jr. because he has failed to file any responsive pleadings in this case. (Id.) In response to Plaintiff's motion, Defendant Quarles, has filed an answer (Doc. 32), which this Court liberally construes as a motion to set aside default. After careful consideration, Defendant's motion is **DENIED**, and Plaintiff's Motion for Default Judgment is **GRANTED**.[1]

---

[1] As a result, Plaintiff's Motion for Preliminary Injunction is **DISMISSED AS MOOT**. (Doc. 6.)

I.  MOTION TO SET ASIDE DEFAULT

On April 8, 2019, the Clerk entered default against Defendant Quarles. (Doc. 18.) To set aside an entry of default, this Court must consider whether Defendant Quarles has established "good cause." Fed. R. Civ. P. 55(c); see also Sealey v. Branch Banking and Tr. Co., 2:17cv785-MHT-SMD, 2019 WL 1434065, at *1 (N.D. Ala. Feb. 21, 2019) ("After the clerk enters default, but before entry of default judgment, the court may exercise its discretion to set aside an entry of default for good cause." (internal quotation omitted)). Courts considering whether a party has demonstrated good cause have noted that the good cause standard is a "liberal one" and often "var[ies] from situation to situation." Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996). Under this discretionary standard, courts often

> consider whether the default was culpable or willful, whether setting it aside would prejudice the non-moving party, and whether the defaulting party may have a meritorious defense. Depending on the circumstances, courts have also considered factors such as whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default.

Perez v. Wells Fargo N.A., 774 F.3d 1329, 1337 n.7 (11th Cir. 2014) (internal citations and quotations omitted).

In this case, the Court finds that Defendant Quarles has failed to demonstrate good cause to set aside default. (See Doc. 32.) On May 6, 2019, this Court excused Defendant Quarles's failure to file any responsive pleading in another case Plaintiff BSG filed against Defendant Quarles. (CV418-160, Doc. 35.) In that order, the Court provided that Defendant Quarles should be given "the benefit of the doubt" because he was acting pro se and may have been confused about the dismissal of another defendant in that case. (Id.) The Court, however, warned that "Defendant Quarles is put on notice that his pro se status is no excuse to avoid this action or the rules of this Court." (Id.)

Despite this Court's leniency and warning to Defendant Quarles in a nearly identical case, Defendant Quarles failed to file any responsive pleading in this case until July 2, 2019—nearly four months after the complaint was filed. (Doc. 32.) The Clerk entered default against Defendant Quarles in this case on April 8, 2019. (Doc. 18.) In the related case, this Court provided its warning to Defendant Quarles on May 6, 2019. (CV418-160, Doc. 35.) Given the ample filings in this case and the warnings provided in Plaintiff's other case, there is simply no excuse for Defendant's failure to file a timely response. Moreover, Defendant has not provided any

3

sufficient basis in his answer for this Court to set aside the entry of default. Accordingly, this Court will not set aside the entry of default against Defendant Quarles.

II. MOTION FOR DEFAULT JUDGMENT

Because this Court has found that Defendant Quarles failed to file a timely responsive pleading in this case, the Court will now consider the merits of Plaintiff's Motion for Entry of Default Judgment (Doc. 30). Under Federal Rule of Civil Procedure 55, a party can only obtain default judgment through a two-step process. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After a clerk's entry of default, the moving party may request an entry of default judgment. Fed. R. Civ. P. 55(b). "[B]efore entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007).

As previously established, the Clerk entered default against Defendant Quarles on April 8, 2019. (Doc. 18.) Accordingly, this Court must now consider whether there is a sufficient basis in Plaintiff's complaint to warrant an entry of default judgment. In its complaint, Plaintiff asserts six substantive causes of action against Defendant Quarles. These claims include: (1) breach of contract, (2) tortious interference with contractual, customer, and business relations, (3) misappropriation of trade secrets under 18 U.S.C. § 1831, (4) misappropriation of trade secrets under O.C.G.A. § 10-1-760, (5) violations of the Georgia Computer Systems Protection Act, O.C.G.A. § 16-9-90, and (6) breach of fiduciary duty. (Doc. 1.) The Court will review each of these claims in turn.

First, Plaintiff asserts that Defendant Quarles breached a confidentiality agreement that he signed while employed with Plaintiff BSG. (Doc. 1 at ¶¶ 97-115.) Under O.C.G.A. § 13-8-53, non-competition agreements are enforceable against employees who "[c]ustomarily and regularly engage in making sales or obtaining orders" provided that the "restrictions are reasonable in time, geographic area, and scope of prohibited activities." In this case, Plaintiff has sufficiently alleged that Defendant Quarles was a sales representative who "was

5

responsible for selling insulation, fireplaces, garage doors, gutters, mirrors, shelving, and shower doors." (Doc. 1 at ¶ 33.) Additionally, the complaint provides that Defendant Quarles signed a confidentiality agreement which prohibited him from soliciting BSG customers or competing with BSG in the Savannah area during his employment and 18 months after the end of his employment. (Id. at ¶¶ 16-29.) Finally, the complaint provides that Defendant Quarles violated this agreement by contacting Plaintiff BSG's customers and soliciting business after his termination. (Id. at ¶¶ 59-83.) Based on these allegations, that are deemed admitted through Defendant's default, the Court finds that default judgment should be entered with respect to Plaintiff's breach of contract claim against Defendant Quarles.

In its complaint, Plaintiff also alleges that Defendant Quarles committed tortious interference with contractual, customer and business relations. (Id. at ¶¶ 116-23.) "Georgia law permits recovery in tort for a third party's interference, without legal justification or privilege, with another's contractual or business relations." U.S. Capital Funding VI, Ltd. v. Patterson Bankshares, Inc., 137 F. Supp. 3d 1340, 1370 (S.D. Ga. 2015). To recover under this claim, a plaintiff must establish

> (1) improper action or wrongful conduct by the defendant without privilege; (2) the defendant acted purposely and with malice with the intent to injure; (3) the defendant induced a breach of contractual obligations or caused a party or third part[y] to discontinue or fail to enter into an anticipated business relationship with the plaintiff; and (4) the defendant's tortious conduct proximately caused damage to the plaintiff.

Mabra v. SF, Inc., 316 Ga. App. 62, 64, 728 S.E. 2d 737, 739-40 (2012). After a careful review of Plaintiff's complaint, the Court finds that Plaintiff has sufficiently shown that Defendant Quarles used information gained during his employment with Plaintiff BSG to interfere with BSG's business relationships. (Doc. 1 at ¶¶ 59-83.) Plaintiff has sufficiently established that the interference resulted in Plaintiff BSG losing customers. (Id. at ¶ 125.) Because this Court is satisfied that Plaintiff BSG has sufficiently established the elements to support a claim for interference with contractual, customer and business relations, the Court finds that default judgment should be entered against Defendant Quarles with respect to this claim.

Next, Plaintiff asserts that Defendant Quarles misappropriated trade secrets under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1831, and the Georgia Trade Secrets Act ("GTSA"), O.C.G.A. § 10-1-760. Claims under the GTSA and the DTSA substantially overlap and this Court will consider

7

these claims simultaneously. See G.W. Henssler & Assocs., Ltd. v. Marietta Wealth Mgmt., LLC, 1:17-cv-2188-TCB, 2017 WL 6996372, at *3 (N.D. Ga. Oct. 23, 2017). "A claim for misappropriation of trade secrets under the Georgia Trade Secrets Act requires a plaintiff to prove that (1) it had a trade secret and (2) the opposing party misappropriated the trade secret." Capital Asset Research Corp. v. Finnegan, 160 F.3d 683, 685 (11th Cir. 1998). In this case, Plaintiff's complaint sufficiently alleges that Plaintiff BSG maintained trade secrets, encompassing "its pricing and purchasing information for insulation and other materials, labor costs, and internal policies on bid points for various projects, customer details and business development strategies." (Doc. 1 at ¶¶ 129-56.) Moreover, the complaint provides that Defendant Quarles had access to and misappropriated those trade secrets in an effort to compete with Plaintiff BSG. (Id.) As a result, the Court finds that default judgment should be entered with respect to these claims.

Next, Plaintiff contends that Defendant Quarles violated the Georgia Computer Systems Protection Act, O.C.G.A. § 16-9-90. Again, the Court finds that there is a sufficient basis to support Plaintiff's claim. Under O.C.G.A. § 16-9-93(a)(1), civil liability can be found when a person "uses a computer or

computer network with knowledge that such use is without authority and with the intention of . . . [t]aking or appropriating any property of another . . . ." In its complaint, Plaintiff has alleged that Defendant Quarles improperly accessed Plaintiff's computer system after the termination of his employment to view confidential information maintained by Plaintiff BSG. (Doc. 1 at ¶¶ 62-68.) Finding that these allegations are admitted, default judgment should be entered with respect to this claim.

Finally, Plaintiff asserts in its complaint that Defendant Quarles violated a fiduciary duty owed to Plaintiff BSG. (Id. at ¶¶ 166-76.) "A fiduciary or confidential relationship arises 'where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires the utmost good faith, such as the relationship between partners, principal and agent, etc.' " U.S. Capital Funding VI, 137 F. Supp. 3d at 1374 (quoting O.C.G.A. § 23-2-58). "To recover for breach of a fiduciary duty, a plaintiff must demonstrate the existence of such duty, the breach of that duty, and damages proximately caused by the breach." Id. In the complaint, Plaintiff has provided a sufficient basis to support its claim. (Doc. 1 at

¶¶ 166-76.) The complaint provides that Defendant Quarles signed a confidentiality agreement, which expressly provided that Defendant Quarles owed Plaintiff BSG a duty of loyalty. (Id. at ¶ 18.) By directly competing with Plaintiff BSG, as alleged in the complaint, Defendant Quarles breached his fiduciary duty owed to Plaintiff BSG. (Id. at ¶¶ 166-76.) Default judgment should be entered with respect to this claim.

III. CONCLUSION

For the foregoing reasons, this Court will not set aside the Clerk's entry of default in this case and Plaintiff's Motion for Default Judgment (Doc. 30) is **GRANTED**. This Court will schedule a hearing at a later date to determine the amount of damages to be awarded to Plaintiff BSG in this case. At this time, however, Defendant Quarles is **ORDERED** to:

(1) refrain from disclosing, using or in any way relying on any BSG proprietary, confidential, or trade secret information, including but not limited to, BSG internal plans and ideas for expansion and development of new services and products; internal customer lists, account receivable information and reports, internal analysis of customers and prospective customers, compilations of information about particular needs and preferences of customers; costs, specifications, processes, and related non-public pricing information; business and marketing plans; internal financial records, projections, and analysis; internal information and analysis regarding business opportunities (including, without limitation, candidates, plans and techniques for acquisitions, joint ventures, partnerships and alliances); personal evaluations and internal personnel management information, and specialized procedures and techniques used in the management, operation, or

training functions of BSG that are not disclosed to persons outside of BSG; and confidential information including information or compilations of information acquired by Quarles in the course and scope of Quarles' activities for BSG or its predecessor or affiliates designated or marked by BSG or its affiliates as "confidential" or that BSG or its affiliates indicate through policies, procedures, or other instructions should not be used for the benefit of another person or entity or disclosed to anyone outside of BSG;

(2) refrain from communicating or contacting any BSG customers whom Defendant Quarles had contact during the course of his employment with BSG and for the purpose of interfering with such customers' business relationship with BSG or for the purpose of soliciting business for Quarles' benefit or for the benefit of any business or entity on behalf of which Defendant Quarles is employed by or otherwise works for;

(3) refrain from otherwise violating any of the terms of the Confidentiality Agreement; and

(4) immediately return to BSG all BSG information, data, or property in his possession, custody or control.

SO ORDERED this 20th day of August 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA